**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50008 |
| Plaintiff - Appellee, | D. C. No. 3:12-cr-07084-BEN-1 |
| v. | MEMORANDUM[*] |
| ENOCH ALJOURN. MONTAQUE, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted August 27, 2014
Pasadena, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and RAKOFF, Senior District Judge.[**]

Defendant-Appellant Enoch A. Montaque appeals from the District Court's

judgment revoking his supervised release and imposing a five-month, below-

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

guidelines sentence of imprisonment, thirty-one month sentence of supervised release, and additional conditions requiring that Montaque undergo an anger management program and a mental health treatment program.

Montaque argues principally that the Court committed procedural error and violated his First Amendment rights by imposing an additional unwritten "constructive condition" of supervised release during sentencing, stating "I'll make a note in my file, you ever do that again [swear at a probation officer], I get a violation petition, I'll send you away for 24 months." In context, it is clear that this was just a warning by the district judge that the defendant's offensive and scurrilous retort to a proper inquiry by the Probation Officer was entirely inappropriate, particularly when as the District Court went on to say, the Probation Officer was simply trying to help the defendant. . No additional condition was imposed and there would be no basis for filing a future specification for any supposed violation of this non-existent condition.

Additionally, Montaque argues that the District Court committed procedural error in sentencing the defendant without clearly articulating its rationale, and further that the substance of the sentence imposed was unreasonable. However, as is the case here, a "within-Guidelines sentence ordinarily needs little explanation,"

*United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008), and similarly, a within-guidelines sentence is usually reasonable, *see id*. at 994.

**AFFIRMED**.